UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA FENDLEY,

    Plaintiff,

                                  CASE NO:

vs.

TOP HAT BARBECUE, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues TOP HAT BARBECUE, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama

1

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.  Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.  The Defendant, TOP HAT BARBECUE, INC. is a domestic corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief TOP HAT BARBECUE, INC. (hereinafter referred to as "THB") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: The TOP HAT BARBECUE Restaurant located at 8725 US Hwy 31 in Hayden, Alabama

(hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by THB is a place of public accommodation in that it is a restaurant owned and operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by THB. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this

lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

    10.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

    11.    THB is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

        i.    There are no accessible or van accessible parking spaces in the parking area;

ii. There is no accessible route for a wheelchair user to enter the Restaurant as the parking area is all gravel with no firm, slip resistant accessible route provided for a wheelchair user;

iii. There is no accessible signage on the Men's and Women's toilet room doors;

iv. Men's Toilet Room:

   a. There is insufficient maneuvering space on the inside of the entry door for a wheelchair user to exit the toilet room;

   b. There is insufficient maneuvering space at the lavatory for a wheelchair user;

   c. There is no knee or toe clearance at the lavatory for a wheelchair user;

   d. There is insufficient maneuvering clearance at the water closet for a wheelchair user;

   e. The door to the toilet compartment has knob type hardware that requires tight grasping and twisting of the wrist to operate;

   f. There are no side and rear grab bars at the water closet for a wheelchair user;

    g. The toilet compartment door swings into the maneuvering space of the water closet such that a wheelchair user entering has no means of closing the stall door once inside the stall;

    h. The paper towel dispenser is out of reach of a wheelchair user;

  v. Women's Toilet Room:

    a. There is insufficient maneuvering space on the inside of the entry door to exit the toilet room;

    b. There are two lavatories that are both in a base cabinet with no knee or toe clearance provided for a wheelchair user;

    c. The mirrors are mounted too high for a wheelchair user;

    d. There paper towel dispenser is out of reach of a wheelchair user;

    e. There are two toilet compartments with doors that open into the clear maneuvering space of each water closet such that a wheelchair user cannot enter and close the door to the toilet compartment;

    f. There is knob type door hardware on each toilet compartment door that requires tight grasping and twisting of the wrist to operate;

    g. There are no side and rear grab bars for a wheelchair user in either toilet compartment;

      h.  There is insufficient maneuvering clearance at each of the two water closets for a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by THB that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, THB was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, THB has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against THB and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 29th day of March, 2021.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com